### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| KEITH LENELL WILLIS | CIVIL ACTION NO. 11-cv-00534 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| BULK LOGISTICS, INC., ET AL. | MAGISTRATE JUDGE MARK HORNSBY |

### MEMORANDUM RULING

On October 5, 2012, the court issued a Provisional Order of Dismissal after being notified the case had settled. [Record Document 64]. The order provided that the case was administratively closed, but could be reopened upon good cause shown within ninety days if the settlement was not consummated. Id. On December 18, 2012, Plaintiff filed a motion to reopen, alleging that the settlement was unenforceable. [Record Document 65]. On December 20, 2012, the court granted the motion to reopen and set an evidentiary hearing to determine the enforceability of the settlement. [Record Document 66]. Defendants subsequently filed a brief in which they moved for enforcement of the settlement. [Record Document 67].

Plaintiff was not present at the evidentiary hearing despite having been subpoenaed by his counsel. There were no disputed facts. Plaintiff argued that when he consented to settle this matter, he was not aware of his obligation incurred in a pending bankruptcy matter to surrender half of the settlement proceeds to the U.S. Bankruptcy Trustee. He represents that he would not have agreed to the settlement

had he been aware of this obligation. After considering the briefs and exhibits, the Court finds that the settlement is valid and enforceable.

The Court has subject matter jurisdiction to summarily enforce a settlement in a pending case. Bell v. Schexnayder, 36 F.3d 447, 449 (5th Cir. 1994). As this case was still pending when Defendant moved to enforce the settlement, this Court has subject matter jurisdiction. In a diversity case, a federal court applies the forum state's law to determine whether a settlement is enforceable. Stipelcovich v. Sand Dollar Marine, Inc., 805 F.2d 599, 603 (5th Cir. 1986). Under Louisiana law, the party seeking to enforce a settlement bears the burden of proof. Suire v. Lafayette City-Parish Consol. Gov't, 907 So.2d 37, 55 (La. 2005).

Plaintiff does not dispute the existence of a written settlement agreement. Accordingly, the Court finds that the e-mails exchanged between the parties satisfy the writing requirement for a valid compromise. La. Civ. Code art. 3072. The only contested issue is whether the settlement agreement should be rescinded because an error vitiates Plaintiff's consent. La. Civ. Code art. 3082. A contract is formed by the consent of the parties established through offer and acceptance. La. Civ. Code art. 1927. Consent may be vitiated by error. La. Civ. Code art. 1948. To vitiate consent, an error must concern a cause without which the obligation would not have been incurred, and the other party must have known or should have known about that cause. La. Civ. Code arts. 1949, 1950.

The court finds that the cause of Plaintiff's obligation to dismiss the instant suit was receipt of what he considered to be the value of the case, considering the risks of continued litigation and the extent of his injuries. His lack of awareness of the amount he owed to discharge his bankruptcy may have somehow impacted his subjective motive to settle, but it does not involve the cause of the settlement.  In exchange for releasing Defendants from his claims in this suit, he bargained for receipt of a certain sum of money. His valuation of the case would not be changed by an error regarding a collateral obligation to pay half of that amount to a third party. Accordingly, the error complained of by Plaintiff does not concern the cause of his obligation, and thus does not vitiate his consent to settle.

Alternatively, even if his error did touch the cause of his obligation, a unilateral mistake does not invalidate a settlement. La. Civ. Code art. 1949; Clover Contractors, Inc., v. James H. Jones-1980, 453 So.2d 983, 985-86 (La. App. 1984).  The party seeking to enforce the agreement must be aware that the cause with respect to which the error was made was the principal cause of the contract.  Even if Plaintiff's receipt of the settlement amount unencumbered by any third party obligations was the principal cause of his obligation to dismiss the suit, there is no evidence that Defendants knew or should have known of this cause.  The evidence demonstrates that Defendants knew that the settlement required bankruptcy court approval, but there is no evidence that they knew or should have known that Plaintiff's consent was premised on receiving the settlement amount unencumbered.

For the foregoing reasons, the Court finds that the compromise is enforceable, and hereby **GRANTS** Defendants' motion to enforce the settlement [Record Document 67]. The court will issue a separate judgment consistent with this ruling.

Done this 12th day of February, 2013 in Shreveport, Louisiana.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE